# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Verified

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

_____

Mark Anthony Henderson

_____

_____

_____

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.  If you do not know a name, write "John Doe" or "Jane Doe."  Include the defendant's rank or title if you know it. Do not use **et al.**]

1) Warden Amanda Hanna

2) Dr. Gerald A. Valletta

3) Dr. Kathleen Maurer

4) Dr. Byron Kennedy

5) Dr. Robert Richeson

6) Cynthia Nadeau

7) Michael Desena

Complete every section and **SIGN THE LAST PAGE.**

*Revised 12/13/18*

2. Second Defendant
   a. Full Name: *Gerald A. Valletta*

   b. Rank or Title: *Doctor medical Department*

   c. Workplace: *Garner Ci 50 Nunna Wauk Rd New-town, ct 06470*

3. Third Defendant
   a. Full Name: *Dr. Kathleen Maurer*

   b. Rank or Title: *Director of dept of Correction Health Services*

   c. Workplace: *Dept of Correction 24 Wolcott Hill Road, Wethersfield, ct 06109*

4. Fourth Defendant
   a. Full Name: *Dr. Byron Kennedy*

   b. Rank or Title: *Chief medical officer of the dept of Correction health Services*

   c. Workplace: *dept of Correction 24 Wolcott Hill Rd, Wethersfield, ct 06109*

5. Fifth Defendant
   a. Full Name: *Dr. Robert Richeson*

   b. Rank or Title: *Chief Operating officer health services.*

   c. Workplace: *dept of Correction 24 Wolcott Hill Rd Wethersfield, ct 06109*

6. Sixth Defendant
   a. Full Name: *Cynthia Nadeau*

   b. Rank or Title: *Nurse health Service review Coordinator for medical grievances*

   c. Workplace: *Garner Ci medical dept 50 Nunna wauk Rd New town, ct 06440*

## D. REASON FOR COMPLAINT

**WARNING:  Contact Inmate Legal Aid Program.  Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis.  To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

*Revised 12/13/18*

7. Seventh Defendant

    a. Full Name: Micheal Desena

    b. Rank or Title: Nurse Supervisor

    c. Work place: Garner Ci medical dept 50 Nunna wauk Rd Newtown, Ct 06470

You do not need to cite to the Constitution, any statutes, or any cases.  However, it is important to be specific about dates, times, and the names of the people involved.  It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift.  If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

<u>Example of Statement of Case</u>
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse.  Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1.


2.

> *See, Attached pages 1-22*
> *with Exhibits 1-21*
> *Not included due the voluminous amount.*
> *All documents cited are in plaintiffs possession*

3.


4.

*Revised 12/13/18*

5

F.    DO YOU WISH TO HAVE A JURY TRIAL?  YES __✓__  NO_____

G.    DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.  See 18 U.S.C. Sections 1621, 3571.

Signature: _Mark Anthony Henderson_

Signed at _Cheshire Ci 900 Highland Ave._  on _4/20/20_
            _Cheshire, Ct 06410_  (Location)              (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.  **The complaint cannot be filed without a signature from each plaintiff.**

H.    FINAL INSTRUCTIONS

WARNING: Your complaint will not be filed unless you complete each of these steps:

    1.    Answer all questions on the complaint form.

    2.    Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 12/13/18*

i)

Deliberate Indifference to my need for Reasonably Adequate Access
to Cell furnishings ie. Desk, failure to Act, malicious intent Cruel
And Unusal punishment by defendant Warden Amanda Hanna

Facts

1) On 10/1/19, I was transferred to garner Ci to start phase two and

three of the Administrative Segregation Special Management phase program

located in restrictive housing Unit f. I was than Subsequently placed

in Cell f.106.

2) Cell f.106 was equipped With A bed, Sink, toilet And A Single

Chair with no desk. On 10/23/19 I wrote f-housing Unit manager

Capt Hurdle requesting to be provided With A Cell that has A

desk, As I have been in Cell f.106 without Access to A desk for

23 days.

3) Which in turn had forced me to bend Over my bed While Sitting in A

Chair, Causing Severe dull pain in my lower back which As A result Caused

2)

me to get on my knees and use the chair as a desk to write on. Subsequently I was moved to Cell f-210. within the Same housing unit, Cell f-210 was equipped with a bed, Sink & toilet with no chair or desk. I was forced to get on my hands and knees while using the Cell floor as a desk to write on thus making my medical Conditions of Chronic /Severe

4) Sciatica pain from: 1) OsteoArtritis of Lumbar Spine. 2) OsteoArthritis of left Shoulder joint. 3) medial Compartment OsteoArthritis of right knee worse. As I Could not put my mattress on the floor." mattresses may not be placed on the floor, Sleeping on the floor is prohibited". per garner Ci Adm. Segregation phase two and three handbook

See, Request to f-unit manager dated 10/23/19
As plaintiff's Exhibit 1

See, medical Reports dated 8/22/19 , 10/20/19 , 12/12/18
As plaintiffs  Exhibit 2A

3)

See. Garner Ci Adm. Segregation phase two & three handbook
(D) Housing Rules Number #15
As plaintiff's Exhibit 3

5) After receiving no, really Adequate response, unsatisfied I filed the

grievance re. deliberate indifference to my need for reasonable Adequate

Access to Cell furnishings ie. desk, failure to fix Cell Conditions.

6) Because the Cells in (F) restrictive housing Unit, per D.o.c Adm. dir.

9.4 (4) (A) Housing Conditions "Shall be furnished in A manner

Consistent With Cells in general population." Which they were not. As A

result Caused my medical Symptoms to Worsen. Which led me to

request Additional medical treatment from garner Ci medical

department personnel.

See. Dept of Correction Adm. dir 9.4 Restrictive Status Section
4(A) Housing Conditions page 4 of 20, dated 6/16/16
As plaintiffs Exhibit 4

4)

(Deliberate Indifference to my Serious medical needs, failure to Inquire into Essential facts to make A professional judgement by defendant Dr. Gerald A. Valletta. Based On Inadequate Staffing Shortage of One physician for 540-700 inmates At Garner Ci.)

7) Because of Ongoing Severe dull pain Within my lower back, left Shoulder And knees On 10/14/19, I requested Sick Call medical treatment to be Examined by the facility physician. To increase my dosage of gabapentin pain medication. As my

8) Current dosage was 1200mg twice daily for A Chronic rotator Cuff tear diagnosis.

See. Request for Sick Call medical treatment dated 10/14/19
As plaintiffs Exhibit 5

See. Nurse Supervisor Notice of gabapentin medication dosage
increase to 1200mg 2x1 day dated 6/30/19

See. Notification of test Results Re. Right Shoulder dated 8/22/19

As plaintiffs Exhibits 6 And 7

5)

9) On 10/19/19 the defendant dr. Valletta reduced my gabapentin pain medication to 300 mg/3 Capsules Without no medical Examinations Or diagnosis to determine the necessity for reduction of my pain management medication dosage levels.

See. dr. Valletta medical Report Re. gabapentin medication. dated 10/19/19. As plaintiffs Exhibit 8E

10) Despite my medical history of Chronic / Severe Sciatica pain from 1) Osteoarthritis of lumbar Spine, 2) medial Compartment Osteoarthritis of right knee, 3) Osteoarthritis of left Shoulder joint.

11) As Well As my history of A Completely torn rotator Cuff Chronic Shoulder medical Condition. As,

See At. plaintiffs Exhibit 2 A

See. medical Reports Re. Right Shoulder dated 2013 - 2019 As plaintiffs Exhibit 8A 8b 8C And 8d

6)

12) I received no medical examination, when defendant dr. Valetta Suddenly reduced

my gabapentin pain medication dosage on 10/17/19 while he was working at manson

youth institution, in Cheshire Conneticut in violation of dept of Correction medical police

See Location of Care and facility at time of Evaluation electronically
Signed by defendant dr. Valletta on 10/17/19.
As plaintiffs Exhibit 8E

13) As dr. Valletta didn't have time to do any medical examinations of me, due to

inadequate staffing Shortage of One physician for (540-900) inmates at garner C;

dr Valletta was Only Assigned to provide medical treatment At garner C, three days

per Week,

14) Caused dr. Valletta to not inquire into my medical history or perform any medical

Examinations of me, in a rush to Save time, while Working from a different

facility 40 miles Away, Resulting in my pain medication being reduced, As well As

See at plaintiffs Exhibit 8E

A denial of reasonable Access to diagnosis And medical treatment from

7)

A physician for my serious medical needs causing significant pain.

See General Note dated And signed by Rn Suzanne Gomes On 11/14/19 As plaintiffs Exhibit 9A

(Deliberate Indifference To my Serious medical Needs failure To Act And Correct Inadequate Staffing Shortage of One physician for 540-900 Inmates At garner Ci, By defendants dr. Kathleen Maurer, dr Byron Kennedy And dr Robert Richeson

16) In An effort to informally resolve the inadequate Shortage of physicians At garner Ci, On 10/18, 10/21, 11/5 And 11/14/19 I Sent requests to director of health Services dr Kathleen Maurer, Chief medical officer of the dept of Corrections health Services Unit dr. Byron Kennedy And

17) too the Chief Operating ofc. dr. Robert Richeson, As these defendants Were responsible for Overseeing And providing medical Services to All offenders housed Within the Connecticut dept of Correction facilities, As Well As formulating And

18) Employing A System that Assures Adequate physician to patient

ratios within All dept of Correction facilities that meet Community Standards of Care. On 11/5/19 I received my 10/18/19 request back, As Written to defendant maurer, But the regional Chief Operating officer michael greene provided a Confusing reply stating "my medication was Adjusted On 10/9, On 10/18/19 you were triaged by the Nurse", unsatisfied I filed grievances Re: dr. Valletta, dr. Kathleen maurer, dr. byron kennedy And dr. robert richeson On 10/19, 11/5, 11/21 And 12/4/19.

See. Requests dated 10/18, 10/21, 11/5 And 11/14/19
As plaintiffs Exhibits 10A through 10d

19) On 1/19/20, regional Chief Operating officer michael greene replied to my grievance Appeal Re: dr Valletta, Stating "medical Staff make determinations regarding medication based On Examination And medical history."

See. grievance Appeal dated 1/3/20. As plaintiffs Exhibit 10E

Which dr. Valletta did not do when he Suddenly reduced my gabapentin pain medication on 10/19/19 while he was at another Correctional facility 40 miles Aw

See. Location of Care And facility at time of Evaluation Electronic Signed by dr. Valletta On 10/19/19. As plaintiffs Exhibit 8E

9)

On 1/24/20 I Sent An Appeal to the director of health Services Which I received A denied disposition On 1/31/20 Exhusting my remedies Re: dr Valletta.

(Deliberate Indifference to my Serious medical needs failure to Act, Refusal to process, plaintiffs grievances And Appeals. By defendant health Services review Coordinator Cynthia Nadeau.)

20) On 10/22/19, I Wrote garner Ci Nurse Supervisor M. DESENA making him AWARE, of my health Service reviews Were not being taken from the health Services boxes. As I had Also Written to him On 10/18/19 Re: Sick call requests not being

21) taken. I received no reply. Defendant Nadeau is responsible for the collection of requests from health Services boxes is regular & timely As Well As health

22) Service review requests Are properly logged And routed for Evaluation And response. On 10/25/19 I received my 10/22/19 request back with m Desen

23) reply "thankyou for information".

    See. Requests dated 10/18, 10/22/19, As plaintiffs Exhibits 11A, 11

    See. Duties of H.S.R Coordinator (C. And D.) page (2) No. 8 As plaintiffs Exhibit 12

10)

24) Unsatisfied I had Also Sent a "Second" request dated 10/22/19 to Nursing Supervisor RN M. Desena Re. health Services reviews not being Collected I. received No response. On 11/21/19 I filed A health Service review grievance Re. defendant C. Nadeau refusal to process health Service reviews. On 12/2/19

25) I received my Second request dated 10/22/19 As well As the health Service review dated 11/21/19 Re: defendant C. Nadeau With the Same Written Statement of "AR #22362 Adjudicated On 10/24/19." By Nursing Supervisor RN M. Desena,

26) Located On the back of the health Service review dated 11/21/19 Was "two" Confusing Check marks in both boxes, unsure what to do On 12/12/19 I filed An Appeal Which received no response.

See. Second request to Nursing Supervisor RN. M Desena dated 10/22/19
See. health Service review grievance Re. C. Nadeau dated 11/21/19
See. health Service Appeal Re. C. Nadeau dated 12/12/19

As plaintiffs Exhibits 13a  13b  13c

11)

Deliberate Indifference To my Serious medical Needs failure To ACT And Correct, health Service review Coordinator refusal to not process health Service grievances And Appeals. By defendant garner Ci medical dept Nursing Supervisor micheal DeSena.

27) Due to defendant Nurse Supervisor M. DeSena failure to resolve the health Service grievance Coordinator Action of not processing my grievances & Appeals. On 11/21/19 I filed a health Service grievance Re. Nurse Supervisor DeSena for failure to ACT and Correct the health Services grievance Coordinator Actions of not processing my grievances.

28) I received no response. 30 days later On 12/21/19 I filed an grievance Appeal Re. defendant DeSena non response to my grievance dated 11/21/19 I received no reply to this Appeal As well.

(Joinder of Defendants Amanda Hanna, Gerald A. Valletta, Kathleen maurer, Byron Kennedy, Robert Richeson, Cynthia Nadeau And micheal DeSena.

29 Is permitted pursuant to Rule 20(a) fed.R.Civ.p because all Claims Against these Defendants' Aris(e) out of the Same Transaction Occurrence or Series

12)

of transactions or Occurrences.

(Exhaustion of Administrative Remedies Re. defendants Amonda Hama, Gerald A. Valletta, Kathleen Maurer, Byron Kennedy, Robert Richeson, Cynthia Nadeau, Micheal Desena

30  I have filed health Services review grievances And Appeals with

respect to defendants: dr. Valletta, K. Maurer, B. Kennedy, R. Richeson,

C. Nadeau And M. Desena, Which garner Ci medical dept grievance

Coordinator defendant Cynthia Nadeau has refused to process And

provide resolutions has made Said Administrative remedies "Unavailable"

to the plaintiff.

See grievances And Appeals Re. Defendants:

1. Gerald A. Valletta dated 10/19/19, 11/20/19, 12/18/19, 1/24/20, 1/3/20
2. Kathleen Maurer dated 11/5/19, 12/4/19, 1/11/20, 1/26/20
3. Byron Kennedy dated 11/21/19, 12/21/19, 1/15/20
4. Robert Richeson dated 12/4/19, 1/4/20, 1/27/20
5. Cynthia Nadeau dated 11/21/19, 12/12/19
6. M. Desena dated 11/21/19, 12/21/19, 1/15/20, 1/28/20

As plaintiffs Exhibits 14 through 19

13)

31) Defendant medical grievance Coordinator Cynthia Nadeau in a desperate, last Attempt to stop plaintiff from exhausting his health service review grievance regarding her boss nursing Supervisor defendant M. Desena. defendant Nadeau Sent the plaintiff a "phony notice of time Extension form CN9605"

32) despite knowing time Extension forms CN9605 Are Only designated for inmate Administrative remedies under 9.6 (6) (J). As the administrative remedy for health Services 8.9 have "No" provision for time Extensions.

See. phony notice of time Extension form CN9605 dated 1/27/20

See. 9.6 (6) (J) Time limit Extensions page 7. J.

See. Administrative remedy for health Services Adm. dir. 8.9

As plaintiffs Exhibits 20 A, 20 b, 20 C

33) With respect to defendant A. Hanna the plaintiff has filed grievances As well As Administrative Appeals, pursuant to the plra, plaintiff has Exhausted all Administrative remedies

See. grievance & Appeals Re, defendant Hanna Dated 10/29/19, 2/3/20 As, plaintiff Exhibit 21

(Claims for Relief)

plaintiff reallege and incorporate by reference paragraphs (1 through 33)

34) Defendant Warden Amanda Hannah Actions of failing to Act And Correct the Constitutional

Violations within R-Restrictive housing unit Cells 106 & 210. Caused the plaintiff to be

denied Access to A desk while in Cell 106 And A Chair and desk while in Cell 210.

Forced the plaintiff to place his knee's on the floor, while using A Chair As the desk in

Cell 106 for (23) days. Using the Cell floor As A desk while in Cell 210 for (7)

days, Causing plaintiffs medical Condition of medial Compartment Osteoarthritis of right

knee to worsen, As the plaintiff had first tried to use his bed As the desk while

Sitting in A Chair in Cell 106. But had to immediately Stop, due to his Chronic Scia

pain from Osteoarthritis of lumbar Spine becoming unbearable. Constitute deliberate

indifference to plaintiffs need for reasonably Adequate Access to Cell furnis

failure to Act & Correct. In violation of the 8th Amendment of the

Constitution.

15)

35) Defendant Warden Amanda Hanna Action of Only placing Chairs within Cell # 106 Without a desk. Despite being Sufficiently put On notice per. dept of Correction Adm. dir. 9.4 Sec. 4 (A) that Cells in restrictive housing Shall be furnished in a manner Consistent With Cells in general population." As Defendant Hanna Knew or Should have Known, that Only placing A Single Chair in cell # 106 Without a desk Would Either force the plaintiff to bend Over A bed While Sitting in a Chair or Use the Cell floor, While Using the Chair as the desk to Write On. Constitute deliberate indifference to plaintiffs need for reasonably Adequate Cel furnishing. Cruel and Unusual punishment, malicious intent in Violation of the 9th Amendment of the Us Constitution.

36) Defendant Warden Hanna Action of not placing Chairs or desks Within Cell # 210. Despite being Sufficiently put On notice per dept of Correction Adm. dir. 9.4 Sec. 4 (A)" that Cells in

16)

restrictive housing Shall be furnished in A manner Consistent with Cells in general population" As defendant A. Hanna Knew or Should have known, that not placing Chairs or desks in Cell 210, Would force the plaintiff to use the Cell floor As a desk while the plaintiff Was on his hands and knee's. Constitute deliberate indifference to plaintiffs need for reasonably Adequate Cell furnishing, Cruel And Unusal punishment, Malicious intent. In Violation of the 8th Amendment of the U.S Constitution.

37) Defendant dr. Gerald A. Valletta Actions of Suddenly reducing the plaintiff's dosage of

(4)

gabapentin pain medication without Conducting Any medical Examinations of plaintiffs lower back Shoulders or Knees, failure to inquire into Essential facts to make A professional judgement. Constitute deliberate indifference to, plaintiffs Serious medical needs. In Violation of the 8th Amendment of the U.S Constitution.

38) Defendant medical grievance Coordinator Cynthia Nadeau Actions of refusing to process plaintiffs grievances And Appeals Re: Nurse Supervisor M. Desena, Dr maurer, Dr Kennedy, Dr. Richeson, Cynthia Nadeau. Submitting phony time Extensions, Has made Said medical grievances Unavailable. Constitute failure to act, deliberate indifference to plaintiffs Serious medical needs. In Violation of the 8th Amendment of the U.S Constition.

39) Defendant Nurse supervisor M. Desena Actions of failing to Correct Nurse Nadeau Action of not processing grievances, despite Sufficiently being put On notice of the

18)

problem Via 10/22/19 request form. Constitute failure to Act And Correct. Deliberate indifference to plaintiffs Serious medical needs in Violation of the 8th Amendment of the U.S Constitution.

40) Defendant health Services director K. Maurer Actions of failing to Act And Correct the inadequate Staffing Shortage of One physician for 540-700 inmates At garner C.I. Despite Sufficiently being put On notice As defendant Maurer knew Or Should have known that the ratio of One physician for 540-700 inmates Would not be Enough to provide timely Adequate Access to A physician for medical treatment, As A result of the Shortage of physicians, plaintiffs pain medication dosage was reduced Without plaintiff receiving Any medical Examinations from A physician despite plaintiffs medical history of Chronic Severe Sciatica pain, Completely torn right Shoulder rotator Cuff, Osteoarthritis of lumbar Spine, right knee medial Compartment Osteoarthritis, Osteoarthritis of left Shoulder joint. Constitute failure to Act And Correct,

19)

deliberate indifference to plaintiffs serious medical needs in violation of the 8th Amendment of the U.S Constitution.

41) Defendant Chief medical officer of the dept of Correction health Services unit B. Kennedy Actions of Failing to Act And Correct the inadequate Staffing Shortage of One physician for 540-700 inmates At garner Ci. Despite Sufficiently being put On notice As defendant Kennedy knew Or Should have known that the ratio of One physician for 540-700 inmates would not be Enough to provide timely Adequate Access to A physician for medical treatment. As A result of the Shortage of physicians, plaintiffs pain medication dosage was reduced Without plaintiff receiving Any medical Examinations from A physician despite plaintiffs medical history of Chronic Severe Sciatica pain Completely torn right Shoulder rotator Cuff, Osteoarthritis of lumbar Spine, right knee medial Compartment Osteoarthritis, Osteoarthritis of left Shoulder joint. Constitute failure to Act And Correct, deliberate indifference to

20)

plaintiffs Serious medical needs in Violation of the 8th Amendment of the

U.S Constitution.

42) Defendant Chief Operating officer of the dept of Correction health Services

Unit R, Richeson Actions of failing to Act and Correct the inadequate Staffing

Shortage of One physician for 540-700 inmates At garner Ci, Despite Sufficiently

being put notice As defendant Richeson knew or Should have known that the

ratio of One physician for 540-700 inmates Would not be Enough to provide

timely Adequate Access to A physician for medical treatment, As A result

of the Shortage of physicians, plaintiffs pain medication dosage Was reduced

Without plaintiff receiving Any medical Examinations from A physician despite

plaintiffs medical history of Chronic Severe Sciatica pain, Completely torn

right Shoulder rotator Cuff, Osteoarthritis of lumbar Spine, right Knee medial

Compartment Osteoartritis, Osteoarthritis of left Shoulder joint, Constitute

failure to Act And Correct, deliberate indifference to plaintiffs Serious

21)

medical needs in violation of the 8th Amendment of the U.S Constitution.

( Damages )

As A consequence of the Actions of the defendants herein described, The plaintiffs Chronic Sciatica pain from Osteoarthritis of lumbar Spine, medial Compartment Osteoarthritis of right Knee, Osteoarthritis of left Shoulder joint has became worse, Resulting in the plaintiff being Unable to Sleep no more than two hours Each night, Necessitating An increase in gabapention pain medication. Coupled with the loss of his Constitutional rights described herein

( Relief Requested )

A) provide plaintiff With Continuing medical Treatment, pain MANAGEMENT And physical therapy regarding plaintiffs Knee's And lower back.

B) Assignment of Additional physicians to garner Ci medical department

C) Issue Compensatory damages from All defendants in the Amount of $55,000 dollars to the plaintiff.

D) Issue punitive damages of $40,000 to the plaintiff from Each defendants,

22)

E) issue order directing defendant Hanna to place chairs and desks in All Cells within f-Restrictive housing unit Cells 201-220

Mark Anthony Henderson
#358214
Cheshire C.I.
900 Highland Ave.
Cheshire, CT 06410

To. Clerks Office
U.S. District Court
141 Church St.
New Haven, CT 06510

NEOPOST
04/22/2020
US POSTAGE $004.60°
FIRST-CLASS RETL
ZIP 06410
041M11291826

X-RAY SCANNED

COMPLETED

COMPLETED LEGAL